# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 13, 2005 Session

## JOHN JAY HOOKER v. PHIL BREDESEN, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 04-405-III, Ellen H. Lyle, Chancellor**

---

**No. M2004-02185-COA-R3-CV - Filed October 25, 2005**

---

FRANK G. CLEMENT, JR., J., concurring.

I fully concur with all aspects of the Court's well reasoned majority opinion. Nevertheless, I wish to address the scurrilous, unfounded and unprofessional personal attacks made by Appellee against the person holding the position of and the Office of the Attorney General of the State of Tennessee. Unfounded and unwarranted accusations such as those cast by Appellee accomplish little but to reflect adversely on the one casting. This jurist enjoys a heated exchange of differing opinions and an aggressive analysis of legal theories and principles. Moreover, I find such exchanges often productive, enabling the tribunal to get to the intellectually honest assessment of the case; however, scurrilous and unfounded personal attacks serve no legitimate purpose and have no place in the dispute resolution arena.

Not only is such conduct viewed as most unprofessional in the eyes of this jurist, the Code of Professional Conduct expects, if not demands far better conduct of a lawyer than that exhibited in Appellee's brief.

> A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process.

Tenn. S. Ct. R. 8, Code of Professional Conduct. Preamble § 5. Moreover, Appellee's scurrilous accusations are possibly in violation of Rule 3.4 of the Code of Professional Conduct. Tenn. S. Ct. R. 8. The pertinent part of the rule provides that a lawyer shall not "allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence." Rule 3.4(e)(1). While Appellee may contend that he believes the accusations to be relevant, which

would be an incorrect belief, it is inconceivable that he or any lawyer would reasonably believe the accusations would be supported by admissible evidence.

In this jurist's opinion, Appellee's conduct does not comply with that expected of him by the Code of Professional Conduct. His conduct not only reflects poorly on him, it detracts from his zealous pursuit of election reform. Though admirable in some respects, Appellee's zeal is no excuse for unprofessional conduct.

_____
FRANK G. CLEMENT, JR., JUDGE